UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE, : Case No. 1:08-cv-403
:
    Plaintiff, : Beckwith, C. J.
: Black, M.J.
vs. :
:
CITIFINANCIAL MORTGAGE, :
COMPANY, INC., *et al.*, :
:
    Defendants. :


**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO REMAND (Doc. 45) AND MOTIONS FOR DEFAULT JUDGMENT (Docs. 60, 61) BE DENIED**

    This civil action is before the Court on plaintiff's motion to remand (doc. 45) and the parties' responsive memoranda (docs. 52, 56.) Also before the Court are plaintiff's motions for default judgment (docs. 60, 61) as to defendants Proper Marketplace, Inc., ("Proper"), Fifth Third Bank ("Fifth Third"), Credstar, and CBC Innovis and the parties' responsive memoranda (docs.62, 63, 64, 65). Each motion will be addressed in turn.

    *I.    Plaintiff's Motion to Remand* (Doc. 45)

    In his motion, plaintiff is requesting that this matter be remanded back to the Court of Common Pleas in Hamilton County, Ohio. Upon careful review, however, the undersigned finds that plaintiff's motion is not well-taken.

    Generally, a defendant has a right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing defendant has the burden of proving by a preponderance of the evidence that the jurisdictional facts are true. *See Mitchell v. Lemmie*, 231 F.Supp.2d 693, 697 (S.D. Ohio 2002) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). On a motion to remand, the issue is whether the case was properly

---

  [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

removed. *See Ouellete v. Christ Hosp.*, 942 F.Supp. 1160, 1162 (S.D. Ohio 1996).

Here, plaintiff's complaint presents a federal question as plaintiff expressly invokes the Fair Credit Reporting Act, 15 U.S.C.§ 1681 *et seq.* (the "FCRA"), against Trans Union, Credstar, CBC Innovis, Kroll Factual Data, and Experian in his "Claim II Fair Credit Reporting Act." (Doc. 1, Ex. 3 at ¶ 33.) Moreover, plaintiff's claims of inaccurate credit reporting implicate the FCRA. *See Id.* (plaintiff alleges that the defendants "are in violation of my credit report not being accurate."). Further, the paragraphs alleging the factual basis for plaintiff's claims make clear that plaintiff is asserting violations of the FCRA. *Id.* at ¶ 16

Furthermore, Trans Union not only had a proper basis to remove this matter, but it also followed the proper removal procedures. A defendant desiring to remove a civil action:

> [S]hall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant.

28 U.S.C. § 1446(a).

Such notice must be filed within 30 days after receipt of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b). The removing party must give notice to all adverse parties promptly after filing the notice of removal. *See* 28 U.S.C. § 1446(d). The removing party must also file a copy of the notice with the clerk of the State court. *See Id.*

Here, Trans Union complied with the procedural requirements for removal. Having received Plaintiff's Complaint on or about May 20, 2008, Trans Union timely filed its Notice Of Removal based on federal question jurisdiction on June 13, 2008. (Doc. 1). Trans Union provided this Court with the Notice Of Removal and a copy of all process, pleadings, and orders served upon Trans Union in the action. Moreover, all served Defendants consented to removal, and Trans Union provided Plaintiff with written notice of filing the Notice Of Removal and filed a copy of the Notice Of Removal with the Clerk of the Court of Common Pleas, Hamilton County, Ohio. Accordingly, Trans Union properly removed this matter, and remand is not warranted.

II. *Plaintiff's Motions for Default* (Docs. 60, 61)

Plaintiff asserts that defendants Proper, Fifth Third, Credstar, and CBC Innovis have not timely responded to the complaint and, therefore, that default judgment is warranted. Plaintiff's assertions lack merit.

The procedure governing the entry of default is provided by Fed. R. Civ. P. 55(a), which states in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Here, however, defendants Fifth Third, Credstar, and CBC Innovis have each filed motions to dismiss plaintiff's complaint. (*See* Doc. 1, Ex. 6; Docs. 4, 22.) Furthermore, defendant Prosper filed a motion for an extension of time and sought leave of Court to file responsive pleadings. (Doc. 51.) Prosper was granted an extension of time until December 19, 2008 in which to file a responsive pleading. (Doc. 66.)

Thus, defendants have not failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Thus, pursuant to Fed. R. Civ. P. 55(a), entry of default judgment is improper.

Accordingly, based on the foregoing, it is therefore respectfully **RECOMMENDED** that plaintiff's motion to remand (doc. 45) and motions for default judgment (docs. 60, 61) be **DENIED.**


**DATE:** December 15, 2008            s/Timothy S. Black
                                                                    Timothy S. Black
                                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAINT TORRANCE, | : | Case No. 1:08-cv-403 |
| | : | |
| Plaintiff, | : | Beckwith, C. J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| CITIFINANCIAL MORTGAGE, | : | |
| COMPANY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).