UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE, :
: Case No. 1:08-cv-403
　　　　　Plaintiff, :
: Beckwith, C. J.
　　vs. : Black, M.J.
:
CITIFINANCIAL MORTGAGE, :
COMPANY, INC., *et al.*, :
:
　　　　　Defendants. :

# REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT (DOCS. 27, 30) BE DENIED

Plaintiff initiated this action on May 1, 2008 by filing a *pro se* complaint against nine defendants in the Court of Common Pleas in Hamilton County, Ohio, alleging violations of the Ohio Homebuyers Protection Act, the Ohio Consumer Sales Practice Act, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff's claims arise out of his inability to refinance a mortgage loan and alleged errors on his credit report. On June 13, 2008, Defendant Trans Union, with the consent of all other defendants, removed this case to this Court.

This civil action is now before the Court on plaintiff's motions for leave to file amended complaint (Docs. 27, 30) and the parties' responsive memoranda (Docs. 31, 32, 33, 46, 47).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

Plaintiff first motion requests leave of Court to amend his complaint as follows:

> [t]o add additional Defendants to this Complaint in the same claims of violations with additional claims related to Predatory Lending, Bait and Switch, Fair Housing Act, Equal Credit Opportunity Act, Ohio Home Buyer's Protection Act, Ohio Consumer Sales Practice Act, Truth-In-Lending Act, Fraud, Conversion, Negligent Misrepresentation, Breach of Fiduciary Duty, Real Estate and Settlement Procedures Act, Americans with Disabilities (ADA), Constitutional Challenge to these two Statute[s]: ADA "employment" and Rule 23, "Class Action" in Reverse as to Reverse Class Action, and emotional distress and aggravation of one mental disability, which one of the Defendants will be the United States as a Defendant related to these two issues of questions.

(Doc. 27.)

Specifically, plaintiff's proposed amended complaint appears to add: (1) additional claims against defendant Citifinancial Mortgage Company; (2) claims against Fifth Third Bank, Ace Mortgage, Prosper Marketplace, Inc., US Bank, American General Financial Services Inc., Union National Mortgage Company, Inc., National Mortgage Funding, Inc., Household Finance Company, Inc., relating to, *inter alia*, plaintiff's loan applications and alleged inaccuracies contained in his credit report; (3) claims against Trans Union LLC and Experian, Inc. for alleged inaccuracies contained in his credit report; (4) claims against the United States challenging the constitutionality of the Americans with Disabilities Act and Rule 23 of the Federal Rules of Civil Procedure; and (5) claims purportedly against all Defendants under "Predatory Lending, Bait and Switch, Fair Housing Act, Equal Credit Opportunity Act, Ohio Homebuyers Protection Act, Ohio

Consumer Sales Practice Act, Truth-In-Lending Act, Fraud, Conversion, Negligent Misrepresentation, Breach of Fiduciary Duty, RESPA, ADA, Emotional Distress and Aggravation of One Disability."

In his proposed second amended complaint, plaintiff appears to request leave of Court to add additional claims against Advantage Credit, CSC Credit Services, Inc., Equifax, Inc., as well as the same claims outlined in claim five of the proposed first amended complaint.

Each motion will be addressed in turn.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally

cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

A, *Plaintiff's First Proposed Amended Complaint (Doc. 27)*

i. *CitiFinancial*

In the first proposed amended complaint, plaintiff alleges that:

(1) "Plaintiff's Claims against [CitiFinancial Mortgage Company, Inc.] stands the same in my original pleadings." First Amended Complaint, ¶ 1.

(2) "CMCI failed to offer a better interest rate, a lower interest rate, with a cash out." Id., ¶ 2.

(3 "CitiFinancial, Inc. (CI) promised me a loan of 30,000.00, but they only applied for $13,449.00 and was turned down on March 4, 2008 and on other occasion they reapplied for another personal loan of $10,000.00 on April 29, 2008 and was turned down again where (CI) promise that I can receive my loan through there Personal Loan Department and I not received this remodeling\cash out\pay my debt down loan." Id., ¶ 3.

(4) "CI also failed to offer any other programs like 90\10, 80\20, 70\30 or even

in reverse." *Id*. at ¶ 6.

CitiFinancial asserts that plaintiff's new allegations against CitiFinancial simply amplify his grievance in the original complaint that CitiFinancial did not extend the credit to him that he requested. The "new" allegations do not add a new claim for relief. Thus, CitiFinancial maintains that if plaintiff were permitted to amend the complaint to add any of the allegations quoted above against CitiFinancial, CitiFinancial would simply be required to file the same motion to dismiss as it filed on June 19. (*See* Doc. 16.) The undersigned agrees, and finds that plaintiff's proposed amendments as to CitiFinancial are not well-taken.

> ii. *Fifth Third Bank, Ace Mortgage, Prosper Marketplace, Inc., US Bank, American General Financial Services Inc., Union National Mortgage Company, Inc., National Mortgage Funding Inc., Household Finance Company, Inc*.

With respect to Fifth Third Bank, Ace Mortgage, and Prosper Marketplace, the proposed amended complaint adds no new substantive allegations or claims against these defendants. Moreover, Fifth Third and Ace have each filed motions to dismiss the claims against them in plaintiff's original complaint, and allowing plaintiff to amend his complaint, when that amendment would add nothing new with respect to these defendants, would serve no purpose but to delay the Court's ruling on the pending motions.

With respect to US Bank, plaintiff's proposed amended complaint asserts that US Bank failed to remove his name from a utility bill with Cincinnati Gas & Electric and failed to remove his name from a deed. However, these same allegations were presented in Case No, 1:06-cv-437, *Saint Torrance v. Firstar*, and were dismissed by the Court on October 19, 2007. Thus, such amendments would be futile.

Finally, as to American General Financial Services Inc., Union National Mortgage Company, Inc., National Mortgage Funding, Inc., and Household Finance Company, Inc., plaintiff's proposed amended complaint alleges, *inter alia*, that "these companies are similar to Fifth Third Bank failed to give a loan based on debt-to-ratio no credit. . ." and "denied me a fair equal housing opportunity. . .." (Doc. 27) It appears that plaintiff is upset that he was not able to refinance his loan with these companies. However, beyond plaintiff's upset, the allegations in the complaint simply do not provide "fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 127 S.Ct. at 1964-65. Thus, although plaintiff may be frustrated that he did not obtain the loans he wanted from these companies, that, in itself, does not support a viable claim for relief, and such claims would not survive a motion to dismiss under Rule 12(b)(6).

   *iii. Trans Union LLC, Experian LLC*

Plaintiff's proposed amendments assert claims against Trans Union and Experian for reporting Plaintiff's discharged bankruptcy on his credit report. However, these same allegations were presented in Case No, 1:07-cv-54, *Saint Torrance v. Equifax, Inc., et al.,* and were dismissed by the Court on June 20, 2008. Thus, such amendments would be

futile.  *See Commercial Money,* 508 F.3d at 346.

> iv.     *United States*

Plaintiff proposes to assert claims against the United States for "Reverse Class Actions" and for violations of the ADA.

Plaintiff appears to assert that the ADA and "Class Action in Reverse" violate his constitutional rights because they "only covers employment and I am consider[ed] disabled by law and by the Army on a fixed income that is above average then some of my disabled, handicapped, and elderly partners." (Doc. 27)

Plaintiff, however, fails to provide any factual support for his allegations and/or identify any conduct by the United States that deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States.[2]  *See Twombly*, 127 S.Ct. at 1964-65 (plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions).  Accordingly, such amendments would be futile.  *See Commercial Money,* 508 F.3d at 346.

> v.      *Claims under Predatory Lending, Bait and Switch, Fair Housing Act, Equal Credit Opportunity Act, Ohio Homebuyers Protection Act, Ohio Consumer Sales Practice Act, Truth-In-Lending Act, Fraud, Conversion, Negligent Misrepresentation, Breach of Fiduciary Duty, RESPA, ADA, Emotional Distress and Aggravation of One Disability*.

Plaintiff proposes to assert the laundry list of claims noted above against all defendants, yet he fails to allege any facts or relevant information relating to these claims.

---

[2] To prevail on a civil claim brought under 42 U.S.C. § 1983, plaintiff must allege and prove that defendant acted "under color of law" and that defendant's conduct deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States.  *See Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

He also asks the Court for the elements of these statutes and/or claims so that he can "site the Acts and Codes."

As noted above, leave to amend may be denied if the proposed amendment would be futile because it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money,* 508 F.3d at 346. Here, these allegations simply do not provide "fair notice of what the claim is and the grounds upon which it rests" and therefore, would not withstand a motion to dismiss. *Twombly,* 127 S.Ct. at 1964-65; *see also Scheid,* 859 F.2d at 436 (To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory).

B. *Plaintiff's Second Proposed Amended Complaint* (Doc. 30)

The second proposed amended complaint seeks to add additional defendants, Advantage Credit, CSC Credit Services, and Equifax. Inc., and outlines the same claims proposed in the first amended complaint. However, plaintiff's proposed claims lack any factual support and fail to identify a legally cognizable cause of action and/or establish entitlement to relief. Thus, for the reasons stated above, plaintiff's proposed amendments would be futile, and, therefore, should be denied.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motions for leave to amend complaint (Docs. 27, 30) should be **DENIED.**


DATE:  December 19, 2008   	         s/Timothy S. Black
	                                 Timothy S. Black
	                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE, :
 : Case No. 1:08-cv-403
 Plaintiff, :
 : Beckwith, C. J.
vs. : Black, M.J.
 :
CITIFINANCIAL MORTGAGE, :
COMPANY, INC., *et al.*, :
 :
 Defendants. :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).