UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAINT TORRANCE, | : | Case No. 1:08-cv-403 |
| | : | |
| Plaintiff, | : | Beckwith, C. J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| CITIFINANCIAL MORTGAGE, | : | |
| COMPANY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 4, 16, 18, 22 & 42) BE GRANTED

Plaintiff initiated this action on May 1, 2008 by filing a *pro se* complaint against nine defendants in the Court of Common Pleas in Hamilton County, Ohio, alleging violations of the Ohio Homebuyers Protection Act, the Ohio Consumer Sales Practice Act, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. On June 13, 2008, Defendant Trans Union, with the consent of all other defendants, removed this case to this Court.

Now before the Court are motions to dismiss by defendants CBCInnovis, CitiFinancial, Inc., Kroll Factual Data, Credstar, and Ace Mortgage Funding, LLC for failure to state a claim upon relief can be granted (Docs. 4, 16, 18, 22, & 42) and the parties' responsive memoranda (Docs. 24, 35, 44, 49).[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Additionally, defendant Fifth Third Bank filed a motion to dismiss plaintiff's complaint prior to the removal of this action. (*See* Doc. 1, Ex. 6) Accordingly, Fifth Third's motion to dismiss is also currently before the Court.

**I.**

According to the complaint, plaintiff appears to be unhappy with the terms of a loan he received from defendant Citifinancial secured by a four-unit apartment building. Plaintiff further asserts that Fifth Third Bank, Ace Mortgage, and Prosper refused to refinance the loan for the apartment building. (Doc. 1, Ex. 3 at ¶ 30, 32). With respect to the remaining defendants, plaintiff generally alleges that the defendants "are in violation of my credit report not being accurate." (*Id.* at ¶ 33).

**II.**

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff brings this case *pro se*, the Court construes the allegations liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

Moreover, to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.

Defendants assert that even accepting all of plaintiff's allegations as true, his complaint should be dismissed against them, because plaintiff cannot prove any set of facts that would entitle him to relief. The undersigned agrees.

    A.    *Defendant CitiFinancial's Motion to Dismiss is well-taken (Doc. 16)*

According to the complaint, in February 2008, CitiFinancial made a loan to plaintiff, secured by his "four-family" rental property. (Doc. 1, ¶ 4, 29). Plaintiff owns

the property for the purpose of renting apartment units to tenants. *Id.* at ¶ 5.

Count One of the complaint alleges that CitiFinancial violated the Ohio Consumer Practices Act ("CSPA"), codified at Ohio Revised Code 1345.01 *et seq*. (Id. at ¶¶ 29-32). Citifinancial, however, asserts that as a matter of law the CSPA does not apply to CitiFinancial's loan to plaintiff. The undersigned agrees.

The CSPA provides that a consumer may recover against "suppliers" who commit deceptive, unfair, or unconscionable acts before, during, or after a "consumer transaction." Ohio Rev. Code Ann. §§1345.01-03. From the inception of the CSPA through January 1, 2007, the term "consumer transaction" specifically excluded all transactions with financial institutions and "dealers in intangibles." Ohio Rev. Code. Ann § 5725.01.

This exclusion applied universally to mortgage lenders: *See Zanni v. Stelzer*, 174 Ohio App. 3d 84, 88 (Lorain Cty. 2007), 2007-Ohio-6215, 880 N.E.2d 967 ("Under the plain language of the CSPA, one who engages in the business of buying or selling mortgages qualifies as a "dealer in intangibles" and is exempt from the Act." *See also ABN AMRO Mortgage Group, Inc. v. Arnold,* No. 20530, 2005-Ohio-925 at ¶29 (2nd Dist. 2005) (mortgagor not liable under CSPA). In fact, all transactions involving the issuance of credit were excluded from the scope of the CSPA. *Lewis v. ACB Business Services*, 135 F.3d 389, 412 (6th Cir. 1998).

The Ohio Homebuyers Protection Act amended the CSPA by making a single

exception to the exclusion of transactions with financial institutions and dealers in intangibles. Since the amendment took effect, consumers may bring certain claims relating to "residential mortgages." *See* Ohio Rev. Code Ann. §§1345.01(A), 1345.01(C), 1345.031. Under the express language of Ohio Rev. Code Ann. § 1345.01(A), all non-residential transactions are still excluded from the CSPA.

Thus, CitiFinancial asserts that CSPA does not apply to CitiFinancial's loan transaction with plaintiff. First, as a lender, CitiFinancial is a "dealer in intangibles," and the CSPA does not govern dealers in intangibles. Second, the residential mortgage exception in the amended CSPA does not apply to plaintiff's loan. To be covered by the CSPA, a loan transaction must pertain to a mortgage on real property with two or fewer residential units.

Here, CitiFinancial's loan to plaintiff is secured by a property which contains four residential units. As noted by plaintiff, the purpose of owning the Property is to rent apartment units to tenants.

Thus, plaintiff and CitiFinancial were not involved in a "consumer transaction in connection with a residential mortgage" as required to maintain an action under the CSPA. Accordingly, the undersigned agrees that plaintiff cannot prove any set of facts that would permit recovery under the CSPA, and, therefore, CitiFinancial's motion to dismiss should be granted.

    B.    *Defendants Fifth Third Bank and Ace Mortgage* (Doc. 42)

Count of One of the Complaint also purports, *inter alia*, to bring a cause of action against Fifth Third Bank and Ace Mortgage under the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. § 1345.01 *et seq.*, and the Ohio Homebuyers Protection Act ("OHPA"), Ohio Rev. Code Ann.§ 1345.031.1. However, plaintiff does not allege any facts to suggest how these defendants might be liable under these statutes.

As noted above, plaintiff appears to assert that he failed to obtain loans with Fifth Third and Ace Mortgage, at least in part, due to an alleged incorrect credit score. Plaintiff is apparently upset that he was not able to refinance his loan with Ace Mortgage, and believes that his other pending lawsuit excuses his poor credit rating and entitles him to a new loan. Count One of his complaint states:

> These companies fell [sic] to obtain a loan for Plaintiff in this matter, causing me to get sick and wanting to destroy them and now I'm getting homicidal ideals [sic] for the run around to obtain a loan to better myself, can not sleep at night on medication and it [sic] not helping now that why I'm here in the court house, this is the last hope. (Doc. 1, Ex. 3, ¶ 32).

Here, as noted by Ace, despite plaintiff's distress, the allegations in the complaint simply do not provide "fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 127 S.Ct. at 1964-65. Although plaintiff may be frustrated that he did not obtain the loans he wanted through Fifth Third and Ace Mortgage, that in itself, does not support a viable claim against Fifth Third and/or Ace Mortgage. Thus, plaintiff's conclusory allegations that he has been harmed in his ability to obtain or refinance a loan

with Fifth Third and/or Ace Mortgage because of his belief that his credit reports were inaccurate does not state a claim for relief.[3]

    C.    *Defendants CBC, Credstar and Kroll's motions to dismiss are well-taken. (Docs. 4, 22, 18).*

Count Two of plaintiff's complaint states:

[Defendants] Credstar, CBC Innovis, Kroll Factual Data, [and] Experian TransUnion are in violation of my credit report being accurate and which is causing me to not obtain a loan to improvement [sic] my property and to get back to becoming an investor again.

Here, although not specifically cited in the complaint, the only section of the FCRA that deals with "accuracy of reports" is Section 1681e(b) Compliance, 15 U.S.C. §71681e( b). However, this section applies only to entities who meet the definition of a "consumer reporting agency," not to "resellers" of information. *Lewis v. Ohio Professional Elec. Network, LLC*, 248 F. Supp. 2d. 693, 698 (S.D. Ohio 2003).

According to the allegations contained in the complaint, CBCInnovis, Kroll and/or Credstar do not meet the definition of a consumer reporting agency, but rather are

---

[3] Additionally, neither the OCSPA or OHPA apply to plaintiff's requested loan since it was not a "residential mortgage" as defined by R.C. § 1345.01(I). The subject property is a four-unit apartment building; these statutes apply only to property containing two or fewer residential units. As such, as a matter of law, plaintiff cannot state a claim for relief under the OCSPA or OHPA.

"resellers" of credit information.[4] Importantly, nowhere in plaintiff's complaint does he allege that CBCInnovis, Kroll and/or Credstar are consumer reporting agencies, or provide any facts to support that they otherwise meet the definition of a consumer reporting agency under the FCRA.

Furthermore, plaintiff's complaint does not allege that CBCInnovis, Kroll and/or Credstar maintained or owned plaintiff's credit information; and, therefore, they cannot be held liable for reporting "inaccurate" information under 15 U.S.C. § 1681e(e). *Id.*; *see also Slice v. Choicedata Consumer Services*, Case No. 3:04-cv-428, (E.D. Tenn. March 16, 2006).

Thus, plaintiff's claim that CBCInnovis, Kroll and Credstar did not accurately report his credit information should be dismissed because they did not own or maintain plaintiff's credit information, such that they could alter any inaccuracies or errors in any consumer report. As such, they cannot be liable under Section 1681e(b).

In the alternative, even if CBCInnovis, Kroll, and/or Credstar were held to be a consumer reporting agencies, Section 1681e(b) requires that a consumer reporting agency

---

[4] As defined in the FCRA, the term 'reseller' means a consumer reporting agency that:

(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and
(2) does not maintain a database of the assembled or merged information from which new consumer reports are produced.

15 U.S.C. §1681a(u).

take "reasonable procedures" to ensure maximum possible accuracy of the information it is reporting.

In order to sustain an FCRA claim, plaintiff must show: (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered an actionable injury; and (4) the consumer reporting agency's failure caused the plaintiff's injury. *See Garrett v. Trans Union, L.L.C.*, 2006 WL 2850499 at *13 (S.D. Ohio Sept. 29, 2006).[5] Moreover, a plaintiff must make at least minimal factual allegations, either direct or inferential, as to every material element of the claim. *See Southeast Texas Inns, Inc.*, 462 F.3d at 671-72; *Deere*, 413 F. Supp. 2d at 889 (S.D. Ohio 2006).

Here, plaintiff fails to allege that CBCInnovis, Kroll and/or Credstar failed to follow reasonable procedures to assure the maximum possible accuracy of information.

**IV.**

Accordingly, for the forgoing reasons, **IT IS HEREBY RECOMMENDED THAT** defendants' motions to dismiss (Docs. 4, 16, 18, 22, & 42) be **GRANTED**, and defendants CBCInnovis, CitiFiancial Mortgage Company, Kroll Factual Data, Credstar and Ace Mortgage be **TERMINATED as PARTY DEFENDANTS**.

---

[5] *See also Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1238 (E.D. Mich. 1980); *Morris v. Credit Bureau of Cincinnati, Inc.*, 563 F. Supp. 962, 967 (S.D. Ohio 1983).

Moreover, although defendant Prosper Marketplace, Inc. has not sought dismissal of the complaint, it is manifest that plaintiff's claims against Prosper must fail for the same reasons that plaintiff cannot succeed against defendants Fifth Third and Ace Mortgage. Under these circumstances, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants." *Silverton v. Department of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Muhammad v. State of Louisiana*, 2000 WL 1511181, at *4, 6 (E.D. La. Oct. 6, 2000); *Lesher v. Lavrich*, 632 F.Supp. 77, 84 (N.D. Ohio 1984) (citing *Silverton*).

Thus, it is further **RECOMMENDED** that plaintiff's claims against Prosper Marketplace, Inc. be dismissed, and that Prosper be **TERMINATED as a PARTY DEFENDANT.**

**IT IS SO RECOMMENDED**.

Date:  December 24, 2008                              s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAINT TORRANCE, | : | Case No. 1:08-cv-403 |
| | : | |
| Plaintiff, | : | Beckwith, C. J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| CITIFINANCIAL MORTGAGE, | : | |
| COMPANY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).