# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Saint Torrance, )
 )
 Plaintiff, ) Case No. 1:08-CV-403
 )
 vs. )
 )
Cincinnati Mortgage Company )
Inc., et al., )
 )
 Defendants. )

## O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of December 19, 2008. Doc. No. 78. In his Report and Recommendation, Magistrate Judge Black recommended that Plaintiff's motions for leave to amend the complaint (Doc. Nos. 27 & 30) be denied.

As interpreted by Judge Black, Plaintiff's proposed amendments would apparently add new claims against the Defendants as well as adding claims against the United States. Additionally, Judge Black determined that Plaintiff wishes to add claims against three new defendants. In his Report and Recommendation, Magistrate Judge Black resolved Plaintiff's proposed amendments as follows:

1. The amendments as to Defendant CitiFinancial Mortgage Company only expand on Plaintiff's original claim that it denied the credit he requested. Judge Black concluded that if Plaintiff were allowed to amend the complaint to assert the new claims,

they would only be subject to dismissal pursuant to CitiFinancial's original motion to dismiss.

2. The amendments as to Fifth Third Bank, Ace Mortgage, Prosper Marketplace, Inc. fail to add any new substantive allegations or claims.

3. The amendments as to U.S. Bank reassert claims already dismissed by the Court in a prior law suit, <u>Torrance v. Firstar</u>, Case. No. 1:06-CV-437.

4. The claims as to American General Financial Services, Inc., Union National Mortgage Company, Inc., National Mortgage Funding, Inc., Household Finance Company, Inc., and the United States fail to give fair notice of the claims and the grounds upon which they rest.

5. The amendments as to Trans Union and Experian reassert claims already dismissed by the Court in a prior law suit filed by Plaintiff, <u>Torrance v. Equifax, Inc.</u>, Case No. 1:07-CV-54.

6. The claims as to Advantage Credit, CSC Credit Services, and Equifax lack factual support and fail to identify a legally cognizable cause of action.

7. Plaintiff's laundry list of claims, enumerated under such descriptive captions as Predatory Lending, Bait and Switch, Fair Housing Act, etc., fail to allege any facts or information relevant to the claims.

The Court has reviewed Magistrate Judge Black's Report and Recommendation <u>de novo</u> pursuant to Fed. R. Civ. P. 72(b) and finds it to be correct.

The gist of all of Plaintiff's complaints, as the Court understands them, is that the various credit reporting agencies who are defendants in this case have misreported Plaintiff's credit scores. As a result, the various financial institutions who are also defendants in this case have refused to grant loans to Plaintiff that he needed to upgrade his rental property.

> Rule 15(a) provides:
>
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). As the Rule points out, leave to amend shall be freely granted. The thrust of the provision "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." <u>Tefft v. Seward</u>, 689 F.2d 637, 639 (6th Cir. 1982). Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. <u>Id.</u> at 639 n.2. Furthermore, there must be "at least some significant showing of prejudice to the opponent" if the motion is to be denied. <u>Moore v. City of Paducah</u>, 790 F.2d 557, 562 (6th Cir. 1986). The case law of this

Circuit manifests "liberality in allowing amendments to a complaint." Id. Absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or if allowing the amendment would be futile, a court should grant leave to amend. Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 383 (6th Cir. 1993)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). For purposes of Rule 15(a), an amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). Magistrate Judge Black essentially concluded that granting Plaintiff leave to file amended complaints would be futile. The Court agrees.

First, as Magistrate Judge correctly determined, this Court has already dismissed earlier claims filed by Plaintiff concerning his dispute with U.S. Bank over his utility bill (Case No. 1:06-CV-437, Doc. No. 48) and his dispute with Trans Union and Experian concerning the reporting of Plaintiff's bankruptcy petition (Case. No. 1:07-CV-54, Doc. No 53). Accordingly, granting leave to reassert these claims would be futile.

Plaintiff's first proposed amended complaint contains no factual assertions demonstrating wrongdoing on the part of the United States, other than vague allegations concerning mistreatment of disabled individuals and the unconstitutionality of Federal Rule of Civil Procedure 23. As Magistrate Judge Black

4

concluded, this proposed amended complaint fails to give fair notice of the claim and the grounds upon which it rests. Accordingly, granting leave to amend to assert this claim would be futile.

Plaintiff alleges that American General Financial Service, Inc., Union National Mortgage Company, Inc., and Household Finance Company, Inc. "failed to give loan based on debt-to-ratio not credit[.]," Doc. No. 27-2 ¶ 12, which the Court interprets to mean that these financial institutions applied the wrong standards in reviewing Plaintiff's loan applications. Nevertheless, like Magistrate Judge Black, the Court is unable to discern the legal basis for this cause of action and the grounds upon which it rests. Accordingly, granting leave to amend to assert this claim against these Defendants would be futile.

Having read the proposed amendments several times with respect to Advantage Credit, CSC Credit Services, and Equifax, the Court is unable to discern any claim or any factual basis on which a claim could rest. Accordingly, granting leave to amend to include these Defendants in this lawsuit would be futile.

Plaintiff's laundry list of claims fail to provide any factual basis to support them. Accordingly, granting leave to amend to assert these claims would be futile.

Finally, having compared the original complaint to the proposed amended complaints, the Court concludes that the amended pleadings add no new substantive allegations against CitiFinancial, Fifth Third Bank, Ace Mortgage, or Prosper

Marketplace, Inc.  Accordingly, granting leave to amend the complaint as to these Defendants would be futile.

The Court, therefore, **ADOPTS** Magistrate Judge Black's Report and Recommendation.  Plaintiff's motions for leave to amend the complaint (Doc. Nos. 27 & 30) are not well-taken and are **DENIED.**

**IT IS SO ORDERED**

Date March 25, 2009            s/Sandra S. Beckwith
                                     Sandra S. Beckwith
                          Senior United States District Judge