# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Saint Torrance, )
 )
 Plaintiff, ) Case No. 1:08-CV-403
 )
 vs. )
 )
Cincinnati Mortgage Company )
Inc., <u>et al.</u>, )
 )
 Defendants. )

### O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of December 24, 2008 (Doc. No. 81). In his Report and Recommendation, Judge Black recommended that Defendants' motions to dismiss (Doc. Nos. 4, 16, 18, 22 & 42) be granted. The Court has reviewed the Report and Recommendation <u>de novo</u> pursuant to Fed. R. Civ. P. 72(b) and finds it to be correct. Therefore, the Court **ADOPTS** the Report and Recommendation.

Plaintiff Saint Torrance asserts claims against the Defendants under the Ohio Homebuyers Protection Act ("OHPA"), the Ohio Consumer Sales Practices Act ("OCSPA"), and the federal Fair Credit Reporting Act ("FRCA").

Magistrate Judge Black correctly determined that Plaintiff's claim against Defendant CitiFinancial Mortgage Company pursuant to the OHPA and the OCSPA fails as a matter of

law because these statutes do not apply to residential mortgages on real property with more than two residential units. See Ohio Rev. Code § 1345.01(I). The complaint specifically alleges that the loan transaction at issue concerns a four-family residential building. Complaint ¶¶ 1, 29. Accordingly, CitiFinancial's motion to dismiss (Doc. No. 16) is well-taken and is **GRANTED**.

      Magistrate Judge Black recommended that Plaintiff's claims against Fifth Third Bank and Ace Mortgage fail because they fail to give notice of what the claims are or the grounds on which they rest. Magistrate Judge Black also determined that to the extent the claims arise under the OHPA and the OCSPA, they too fail because the subject matter of the loans was a four-family residential dwelling. The complaint indicates that Plaintiff applied for loans with these institutions and was denied credit, apparently because of some allegedly erroneous items on his credit report. Nevertheless, like Judge Black, the Court is unable to discern any cognizable cause of action against these Defendants. Therefore, the complaint fails to give notice of the claims and the grounds upon which they rest. Moreover, as far is the Court is aware, these financial institutions are not liable for basing credit decisions on alleged inaccurate credit reports supplied by others. Additionally, to the extent Plaintiff's claims arise under the OHPA and the OCSPA they fail because the loan concerned a four-family residential building.

Accordingly, Fifth Third's motion to dismiss (Doc. No. 1, Ex. 6) and Ace Mortgage's motion to dismiss (Doc. No. 42) are well-taken and are **GRANTED.**

Finally, Magistrate Judge Black recommended that Plaintiff's claims against Defendants CBC Innovis, Credstar, and Kroll Factual Data filed pursuant to the FCRA be dismissed because they are not liable as a matter of law for the alleged inaccurate credit reports (Doc. Nos. 4, 18 & 22). Judge Black concluded that under the FCRA these Defendants are "resellers" of information, and not "consumer reporting agencies," and hence are not liable for the inaccuracies allegedly contained in Plaintiff's credit reports. Judge Black also concluded that the complaint fails to state a claim against these Defendants because it does not allege that they failed to use reasonable procedures to ensure the accuracy of the information in the reports.

Section § 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to state a violation of § 1681(b), Plaintiff must allege the following elements:

1. Defendant was negligent in that it failed to follow reasonable procedures to assure maximum possible accuracy of information about Plaintiff;

2. Defendant reported inaccurate information about Plaintiff;

3. Plaintiff was injured; and

4. Defendants's negligence was the proximate cause such injury. Bryant v. TRW, Inc., 487 F. Supp. 1234, 1238 (E.D.Mich. 1980), aff'd 689 F.2d 72 (6th Cir. 1982).

The complaint alleges that Plaintiff received varying raw credit scores from the Defendants and that Plaintiff was unhappy about the differences in these scores. The complaint also alleges that some of the items in his credit reports were inaccurate, or should not have been reported at all, and that Plaintiff disputed some of these items. The complaint, however, fails to allege that the Defendants failed to employ reasonable procedures to ensure to the greatest possible extent the accuracy of the information. Accordingly, the complaint fails to state a claim for a violation of 15 U.S.C. § 1681e(b). Therefore, Defendants' motions to dismiss (Doc. Nos. 4, 18 & 22) are well-taken and are **GRANTED.**

**IT IS SO ORDERED**

Date March 25, 2009                    s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                              Senior United States District Judge